UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11776-GAO

GARY GEORGE PETERSON and ELIN AGUSTSSON
Plaintiffs,

v.

EAST BOSTON SAVINGS BANK, JOSEPH SCURIO, LINDA McMAHON, Administrator,
and SMALL BUSINESS ADMINISTRATION,
Defendants.

OPINION AND ORDER
September 29, 2018

O'TOOLE, D.J.

Defendants East Boston Savings Bank ("EBSB") and Joseph Scurio have moved to dismiss the plaintiffs' Amended Verified Complaint under Federal Rule of Civil Procedure 12(b)(6). The plaintiffs filed an opposition.

The amended complaint alleges that the plaintiffs borrowed funds from EBSB to begin a new business. Their loan was guaranteed by the Small Business Administration. Scurio, an employee at EBSB, explained the process of applying for an SBA-guaranteed loan. In connection with the loan, the plaintiffs granted the bank a mortgage on their home, in addition to a security interest in the commercial assets of the new business. The complaint alleges that Scurio told them that the SBA would pay 90% of the outstanding loan balance if the loan were to go into default.

After three years, the plaintiffs fell behind in making their monthly payments. A restructuring of the debt was attempted, but ultimately the plaintiffs again fell behind in their payments. EBSB began foreclosure proceedings against the mortgaged property. The plaintiffs then filed for Chapter 7 bankruptcy protection. As a result, the plaintiffs obtained a discharge of their unsecured debt, but EBSB began a foreclosure proceeding against the plaintiffs' home. In response, the plaintiffs commenced a Chapter 13 bankruptcy proceeding. Prior to confirmation of

the Chapter 13 plan, the plaintiffs were informed that all assets listed as collateral, including their house, would have to be sold before the SBA would make any payment to the bank under its guaranty. (Am. Verified Compl. ¶ 11 (dkt. no. 17).) Eventually, EBSB was granted relief from the bankruptcy stay and proceeded with the foreclosure sale. Despite the plaintiffs' attempts to prevent the foreclosure, the home was sold in October 2016 and the proceeds were applied to reduce the plaintiffs' debt to EBSB.

On September 18, 2017, the plaintiffs filed their original complaint against the defendants. A few months later, an amended complaint was filed alleging a variety of claims against EBSB, Scurio, and the SBA. Each claim stems from what the plaintiffs allege was a misrepresentation by Scurio to the effect that the SBA's guaranty payment would occur prior to any foreclosure on the plaintiffs' home.

In moving to dismiss the amended complaint, EBSB and Scurio raised several grounds for dismissal. However, the Court need only address the issue of judicial estoppel in order to resolve the motion. Judicial estoppel is designed to prevent a party from taking a legal position in one case which is inconsistent with a position previously taken in a prior one. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001). "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." Id. (alteration in original) (quoting Davis v. Wakelee, 156 U.S. 680, 689 (1895)). In order for judicial estoppel to apply, (1) the plaintiffs must have taken a position in a prior legal proceeding inconsistent with one currently being asserted, and (2) they must have succeeded in persuading the previous court to accept that position. Guay v. Burack, 677 F.3d 10, 16 (1st Cir. 2012) (quoting Alt. Sys. Concepts v. Synopsys, Inc., 374 F.3d 23, 33 (1st Cir. 2004)). Both of these requirements are satisfied here.

The doctrine of judicial estoppel is applicable in the context of bankruptcy proceedings. See Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570, 571 (1st Cir. 1993). "The basic principle of bankruptcy is to obtain a discharge from one's creditors in return for all one's assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh." Id. Legal claims, including those that are contingent or unliquidated, are considered to be an asset under the Bankruptcy Code and must be disclosed by the party seeking bankruptcy relief. See id. at 571–72; Compton v. Depuy Orthopaedics, Inc., No. CIV. A. 02-10531-RWZ, 2002 WL 1046698, at *1 (D. Mass. May 22, 2002); Welsh v. Quabbin Timber, Inc., 199 B.R. 224, 229 (D. Mass. 1996). Prior courts have estopped a plaintiff from asserting claims after a bankruptcy discharge when the debtor "knew all of the facts that were pertinent to its current lawsuit when it filed bankruptcy," see Welsh, 199 B.R. at 229 (quoting Hoffman v. First Nat'l Bank of Akron, Iowa, 99 B.R. 929, 933 (N.D. Iowa 1989)); accord Compton, 2002 WL 1046698, at *1, or when the debtor failed to "amend his asset schedules and petition if circumstances change during the bankruptcy proceedings," Guay, 677 F.3d at 17.

In the present case, the plaintiffs never listed their claims against the defendants as an asset in either the Chapter 7 or Chapter 13 proceedings. The claims necessarily existed then, and they were required to list them. The result of the plaintiffs' Chapter 7 case was a discharge of their existing debt. Allowing them now to pursue claims that they knew of but did not disclose in the bankruptcy proceedings would be inequitable and would result in an unjust windfall to the plaintiffs should their claims be meritorious.

The plaintiffs' response to the motion to dismiss does not offer any argument against the defendants' judicial estoppel ground for dismissal. Their failure to oppose this argument amounts to a waiver of any objection to it. See Leader v. Harvard Univ. Bd. of Overseers, No. CV 16-10254-DJC, 2017 WL 1064160, at *6 (D. Mass. Mar. 17, 2017); Tian v. Aspen Tech., Inc., 53 F.

Supp. 3d 345, 368 n.8 (D. Mass. 2014); Perkins v. City of Attleboro, 969 F. Supp. 2d 158, 177 (D. Mass. 2013) (dismissing a count plaintiff failed to address in his opposition to the motion to dismiss).

The judicial estoppel defense is sufficient to dismiss the claims. It may also be noted that a related argument for dismissal by the defendants is also sound. The claims against the defendants now being asserted accrued prior to the plaintiffs' bankruptcy petitions, and in the Chapter 13 proceeding they were properly the property of the bankruptcy estate, enforceable by the trustee.

> [A] cause of action 'is a property right which passes to the trustee in bankruptcy, even if such cause of action is not included in schedules filed with the Bankruptcy Court.' Moreover, 'property that is not formally scheduled is not abandoned and therefore remains part of the estate.' Accordingly, [c]ourts have held that because an unscheduled claim remains the property of the bankruptcy estate, the debtor lacks standing to pursue the claims after emerging from bankruptcy, and the claims must be dismissed.

Welsh, 199 B.R. at 229 (citations omitted). Apart from the estoppel, the plaintiffs would not have standing to bring these claims had they been disclosed to the trustee, as they should have been.

For the foregoing reasons, the defendants' motion to dismiss (dkt. no. 26) is GRANTED as to all counts against EBSB and Scurio. Because the claims against the SBA are derivative of the now dismissed claims against EBSB and Scurio, the amended complaint is DISMISSED in its entirety.[1]

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[1] The SBA filed a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6). However, in light of the findings here, it is unnecessary to address the merits of those arguments.